UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Todd Allen Bellanger,**                                      Civil No. 08-1352 (JMR/SRN)

   **Petitioner,**

 v.                                                       <u>**REPORT AND RECOMMENDATION**</u>

**State of Minnesota,**

   **Respondent.**

---

 Todd Allen Bellanger, <u>pro se</u>, Minnesota Correctional Facility, 1101 Linden Lane, Faribault, Minnesota 55021

 Michael J. Lieberg, Stearns County Attorney's Office, 705 Courthouse Square, Room 448, St. Cloud, Minnesota 56303, for Respondent

---

SUSAN RICHARD NELSON, United States Magistrate Judge

 The above-entitled matter comes before the undersigned United States Magistrate Judge on Petitioner Todd Allen Bellanger's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and Motion for Appointment of Counsel (Doc. No. 12). These matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the Petition and Motion be denied.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

 Petitioner is a member of the White Earth Band of Chippewa Indians and resides on the White Earth Reservation. On August 8, 2005, Petitioner called 911 for assistance in removing some intoxicated guests from his home, and Deputy Tyron Warren was dispatched to the scene. Petitioner left before Deputy Warren arrived, and the deputy therefore spoke with Petitioner's

girlfriend, Cheryl Ann Jackson, who had remained at the home. Jackson said that Petitioner had threatened her nephew, "CSJ," with a .22 caliber rifle, and she showed the rifle to Deputy Warren. Deputy Warren later took a statement from CSJ, who verified Jackson's account.

Petitioner was charged with violating Minn. Stat. § 609.165, subd. 1b, possession of a firearm by a convicted felon, and Minn. Stat. § 609.222, subd. 1, assault in the second degree with a dangerous weapon. Prior to trial, he moved to dismiss the firearm possession charge for lack of jurisdiction, and he also sought to exclude as hearsay the statements of Jackson and CSJ. Both motions were denied.

A jury found Petitioner guilty of both counts, and he was sentenced to sixty months on the firearm possession count and thirty-nine months on the assault count, to be served concurrently. Petitioner appealed, arguing that (1) the State of Minnesota lacked jurisdiction to enforce § 609.165, subd. 1b, against an Indian tribe member living on a reservation, and (2) the trial court erred by admitting hearsay statements of intoxicated individuals. The Minnesota Court of Appeals rejected both arguments and affirmed the convictions. Petitioner then sought review by the Minnesota Supreme Court, which denied the petition for review on March 18, 2008.

Petitioner filed his Petition for habeas relief in federal court on May 20, 2008, raising the following grounds for relief. First, Petitioner claims that the State of Minnesota lacked jurisdiction to enforce the felon-in-possession statute against him on the White Earth Reservation. Second, he asserts that the Minnesota Court of Appeals erred by finding that the felon-in-possession statute was criminal/prohibitory rather than civil/regulatory.[1] Third,

---

[1] This issue is subsumed in the first claim and will be combined in the Court's analysis.

Petitioner contends that his convictions violate rights granted pursuant to two treaties between the White Earth Band of Chippewa Indians and the United States.  Fourth, Petitioner claims that the convictions must be reversed because they were based on the hearsay testimony of intoxicated witnesses.

Respondent opposes the Petition on the grounds of procedural bar, arguing in a summary five-page memorandum that Petitioner did not fairly present any federal issues to the state courts.  Respondent did not argue the merits of any issue, instead directing the Court to its state appellate brief on three of the issues and stating it was "not in a position to raise legal arguments" on the treaty issue.  (Mem. Opp'n Writ Habeas Corpus at 5.)

## II.   DISCUSSION

### A.   The Fair Presentation Requirement

Before filing a federal habeas petition, a petitioner must exhaust his state court remedies by fairly presenting his federal constitutional claims to the highest available state court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  A federal claim is fairly presented when the petitioner refers "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (quoting Myre v. State of Iowa, 53 F.3d 199, 200-01 (8th Cir. 1995) (quoting Kelly v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988))).  A federal claim has not been fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  Baldwin v. Reese, 541 U.S. 27, 32 (2004).

If a petition contains claims that have not been fairly presented, the court must determine if those claims are unexhausted or procedurally defaulted. A claim is unexhausted if the claim has not been fairly presented in one complete round of the state's established appellate review process, O'Sullivan, 526 U.S. at 845, but the petitioner has the right under state law to raise the claim by any available procedure, 28 U.S.C. § 2254(c). A constitutional claim is procedurally defaulted if it has not been fairly presented in the state courts, and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Under Minnesota law, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). There are two exceptions to the Knaffla rule: (1) where a claim is so novel that its legal basis was not reasonably available at the time of direct appeal, or (2) if the defendant did not deliberately or inexcusably fail to raise the issue in the first appeal and fairness requires review. Townsend v. State, 723 N.W.2d 14, 18 (Minn. 2006).

When a claim is procedurally defaulted in state court, the federal habeas court must determine whether the prisoner has demonstrated cause and prejudice for the default, or whether a failure to consider the claim will result in a fundamental miscarriage of justice. McCall, 114 F.3d at 758 (citing Coleman, 501 U.S. at 750.). Prejudice need not be considered where a petitioner has failed to fulfill the cause prong of the test. Id. The miscarriage of justice exception is only available to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person. Id. If the exceptions do not apply, the procedural default cannot be excused, and the court will deny the petition without addressing

4

the merits of the claim. See Carney v. Fabian, 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

### B. Standard of Review for Claims that Have Been Fairly Presented

Habeas relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits habeas review to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

The United States Supreme Court explained the meanings of the "contrary to" and "unreasonable application" clauses in Williams v. Taylor, 529 U.S. 362 (2000). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13. A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005) (quoting Williams, 529 U.S. at 411).

### C.   Minnesota's Jurisdiction to Enforce the Felon-in-Possession Statute

Petitioner asserts that the State of Minnesota had no jurisdiction to enforce its felon-in-possession statute against him because he is an enrolled member of the White Earth Band of Chippewa Indians, who lives on the White Earth Reservation where the crime occurred. Respondent argues only that Petitioner failed to fairly present the federal nature of this claim to the state courts.

To provide the state's highest court a fair opportunity to resolve a federal claim, the petitioner must refer the court "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). In Petitioner's brief to the Minnesota Court of Appeals, he cited California v. Cabazon Band of Mission Indians, 480 U.S. 202 (1987), for the proposition that the state did not have jurisdiction to enforce the felon-in-possession statute against him on the reservation. Petitioner therefore fairly presented his federal challenge to the state's jurisdiction to the state courts, and the Court advances to the merits.

The United States Supreme Court has made it "clear that the Indians' right to make their own laws and be governed by them does not exclude all state regulatory authority on the reservation." Nevada v. Hicks, 533 U.S. 353, 361 (2001). For example, a state law may be enforced against an Indian on a reservation if specifically provided by Congress. Cabazon Band, 480 U.S. at 207. In § 2 of Public Law 280, codified at 18 U.S.C. § 1162(a), Congress provided for "broad criminal jurisdiction over offenses committed by or against Indians within all Indian country within the State." Id. at 207 & n.6.

> Each of the States or Territories listed in the following table shall have jurisdiction over offenses committed by or against Indians in the areas of Indian country listed opposite the name of the State or Territory to the same extent that such State or Territory has jurisdiction over offenses committed elsewhere within the State or Territory, and the criminal laws of such State or Territory shall have the same force and effect within such Indian country as they have elsewhere within the State or Territory . . . .

18 U.S.C. § 1162(a). This statute explicitly gives the State of Minnesota jurisdiction over criminal offenses committed on every Indian reservation within the state except the Red Lake Reservation. Id.

In § 2 of Public Law 280, codified at 28 U.S.C. § 1360, Congress granted more limited jurisdiction to certain states over civil causes of action originating on an Indian reservation. Cabazon Band, 480 U.S. at 207-08 & n.7. "Accordingly, when a State seeks to enforce a law within an Indian reservation under the authority of Pub. L. 280, it must be determined whether the law is criminal in nature, and thus fully applicable to the reservation under § 2, or civil in nature, and applicable only as it may be relevant to private civil litigation in state court." Id. at 208. "[I]f the intent of a state law is generally to prohibit certain conduct, it falls within Pub. L. 280's grant of criminal jurisdiction, but if the state law generally permits the conduct at issue, subject to regulation, it must be classified as civil/regulatory and Pub. L. 280 does not authorize its enforcement on an Indian reservation." Id. at 209.

The Minnesota Court of Appeals determined that Minn. Stat. § 609.165, subd. 1b, is criminal/prohibitory rather than civil/regulatory because the statute pertains to narrow, rather than broad, conduct. State v. Bellanger, No. A06-1907, 2007 WL 4472287, at *2 (Minn. Ct. App. Dec. 24, 2007) ("[T]he narrow conduct is the possession of firearms by a convicted felon, and the broad conduct is the possession of firearms by citizens in general."). This determination

is not contrary to or an unreasonable application of Supreme Court precedent.  Minnesota Statute § 609.165, subd. 1b, prohibits certain convicted felons from possessing firearms.  This is a prohibition on a narrow category of conduct and does not permit any conduct subject to regulation.  Furthermore, the statute is part of Minnesota's criminal code, a violation of which is described as a felony, and the penalty for which is a term of imprisonment and a fine.  The Petition should be denied on this point.

### D.     Treaty Rights

Petitioner asserts that his conviction for possessing a firearm violates two treaties which granted hunting and fishing rights to the White Earth Band of Chippewa Indians.  Respondent replies that Petitioner failed to fairly present this claim to the state courts.  Respondent is mistaken, however, as Petitioner included this claim in his pro se appellate brief to the Minnesota Court of Appeals and in his petition to the Minnesota Supreme Court.  Although neither state court chose to address the treaty issue, it cannot be said that Petitioner failed to fairly present the federal nature of this claim to the state courts.  Accordingly, the Court proceeds to the merits of the claim.

Article 5 of the Treaty of 1837 provides that "[t]he privilege of hunting, fishing and gathering the wild rice, upon the lands, the rivers and the lakes included in the territory ceded, is guaranteed [sic] to the Indians during the pleasure of the President of the United States." Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt, 700 F.2d 341, 345 (7th Cir. 1983) (quoting the 1837 Treaty).  The Treaty of LaPointe was entered in 1854 and, in part,

grants usufructuary rights to the Chippewa Indians.[2] Id. at 348-49.  Treaty rights belong to a tribe as a whole, not to a particular individual.  United States v. Three Winchester 30-30 Caliber Lever Action Carbines, 504 F.2d 1288, 1292 (7th Cir. 1974).  Individual Indians enjoy user rights in the hunting rights of their tribe.  United States v. Felter, 752 F.2d 1505, 1509 (10th Cir. 1985).

Petitioner's conviction for unlawful possession of a firearm did not cause any limitation on the treaty rights of the White Earth Band of Chippewa Indians to hunt on the White Earth Reservation.  Rather, Petitioner's own actions restricted him from fully enjoying his user rights in the hunting rights of his tribe.  This is not a violation of a tribal treaty right.  See Three Winchester, 504 F.2d at 1292.  Consequently, Petitioner's conviction did not violate the Treaty of 1837 or the Treaty of LaPointe.

**E.      Hearsay Evidence**

Petitioner contends that his convictions were unlawfully obtained because they were based on the hearsay testimony of witnesses who were intoxicated at the time the crimes were committed.  The Court may not consider this claim, however, as it is procedurally defaulted.  Petitioner failed to present the federal basis of this claim to the state courts, and the state courts would not review it now because at the time Petitioner directly appealed, he knew about the facts underlying the hearsay claim but failed to cite any federal law.  Neither Knaffla exception is applicable, as the claim is not novel and fairness does not require review.  Petitioner has shown neither cause and prejudice for the default nor that a fundamental miscarriage of justice would

---

[2] "Usufructuary rights include the right to 'live off the land,' or to make a modest living by hunting and gathering from the resources of the land."  United States v. Gotchnik, 222 F.3d 506, 508 n.3 (8th Cir. 2000) (citation omitted).

result if the Court does not consider the claim. This Court may not adjudicate a procedurally defaulted claim on habeas review, and the claim should be denied accordingly.

Even if the Court were to address the claim on the merits, habeas relief would not be warranted. "Federal courts are not forums in which to relitigate state trials." Barefoot v. Estelle, 463 U.S. 880, 887 (1983). "The admissibility of evidence in a state trial is a matter of state law and ordinarily will not form the basis for federal habeas relief." Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994). The admissibility of evidence is reviewable in a habeas proceeding "only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." Manning-El v. Wyrick, 738 F.2d 321, 322 (8th Cir. 1984) (per curiam). Petitioner's argument is that the trial court erred in admitting hearsay statements under the exception for excited utterances contained in Minnesota Rule of Evidence 803(2). This state law evidentiary issue is simply not a basis for federal habeas relief. In addition, the alleged error did not impact any federal constitutional protection, nor was it so prejudicial that due process was denied.

### F. Petitioner's Motion for Appointment of Counsel

Petitioner filed a motion for appointment of counsel simultaneous with his reply to the response to the Petition. Pro se litigants do not have a constitutional or statutory right to counsel in habeas cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995). Rather, the appointment of counsel is a matter of the court's discretion. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors to consider are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues, and whether

both the litigant and the court would benefit from having the litigant represented by counsel. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court recommends that the motion for appointment of counsel be denied. The facts and legal issues in this case are not complex, and Petitioner has the threshold ability to articulate his claims and argue his positions. Neither the Court nor Petitioner would benefit from the involvement of appointed counsel, especially considering that Petitioner did not seek appointed counsel until after all the authorized briefing was completed.

### III. RECOMMENDATION

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Todd Allen Bellanger's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be **DENIED**; and

2. Petitioner Todd Allen Bellanger's Motion for Appointment of Counsel (Doc. No. 12) be **DENIED**.


Dated: November 21, 2008

                                      s/ Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 8, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.